Abiodun SOWEWIMO, Plaintiff–Appellant,

v.

David HENNRICH, et al., Defendants–Appellees.

No. 01–1365.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2003.*

Decided Nov. 21, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Abiodun Sowewimo, pro se, Menard, IL, for Plaintiff–Appellant.

Timothy McPike, Office of the Attorney General, Chicago, IL, for Defendants–Appellees.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Abiodun Sowewimo is an inmate incarcerated at the Menard Correctional Center. In August 1997 he filed a grievance with David Hennrich, a correctional officer at Menard, in which he stated that gang members at the prison had beaten him and extorted money, and that prison officials were plotting to kill him. Hennrich returned the grievance to Mr. Sowewimo, noting on it that Mr. Sowewimo could seek protective custody from the gangs. As the next step of the grievance procedure, Mr. Sowewimo forwarded the complaint to officer Tom Carter and, several days later, met with case worker David Elam. Elam offered to place Mr. Sowewimo in protective custody but he refused, stating that he had enemies in the protective custody section of the prison. At Mr. Sowewimo's request, Elam placed his name on a list for a possible transfer to a different prison ward. Shortly after this meeting, Mr. Sowewimo was attacked in his cell by his cellmate, who bit his ear and finger and tried to strangle him with a fan cord.

Mr. Sowewimo then filed a *pro se* complaint under 42 U.S.C. § 1983 against Hennrich, Carter, Elam, prison superintendent Stephen Bradley, a correctional officer named Robert Hoffman, and Thomas Page, the prison warden, alleging that they had failed to protect him from the attack. The district court appointed counsel to represent Mr. Sowewimo and later dismissed Hoffman as a defendant.

A jury trial was conducted on Mr. Sowewimo's section 1983 claim. At the close of evidence, Mr. Sowewimo offered the following jury instruction with regard to one of the elements necessary to establish a constitutional violation, deliberate indifference:

"Deliberate indifference" is established if [the defendants] had actual knowledge of a substantial risk that [the plaintiff] would be exposed to attacks and threats on his life by prisoners in the Menard Correctional Center and if [the defendants] disregarded that risk by intentionally refusing or failing to take reasonable measures to deal with the problem. Mere negligence does not constitute deliberate indifference.

Over Mr. Sowewimo's objection, the court gave the jury the following instruction instead:

Deliberate indifference under the Eighth Amendment is the functional equivalent of intent, requiring an inquiry into a prison official's state of mind when it is claimed that the official had inflicted cruel and unusual punishment. Negligence or even gross negligence will

not establish a constitutional violation. Instead, a plaintiff in a § 1983 case must demonstrate that the prison official acted with actual intent or reckless disregard. Reckless disregard occurs where the defendant disregards a substantial risk of danger that is either known or would be apparent to a reasonable person in the defendant's position. If a defendant does not have knowledge of the risk, he could not reasonably draw an inference that a serious risk existed. Without this knowledge and inference, intentional indifference cannot be found.

During deliberations, the jury asked, "Can guilt be proven with the reckless disregard aspect in regard to the 1983 case without actual intent?" After conferring with the parties and over an objection by Mr. Sowewimo, the court responded, "These terms are defined in these instructions." Shortly thereafter the jury returned a verdict for the defendants and the case was dismissed.

Mr. Sowewimo moved for a new trial, arguing that the court erred by (1) refusing to give his instruction on deliberate indifference; and (2) failing to provide the jury with a clear answer to their question regarding intent and reckless disregard. The court denied Mr. Sowewimo's motion and held that the instruction given properly stated the law and that the court's response to the jury's query was within its discretion. Mr. Sowewimo appeals only the denial of his motion for a new trial, and we affirm.

This court's review of Mr. Sowemimo's challenge to the jury instructions is limited and focuses on a two-part inquiry. *See Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 847 (7th Cir.1998). We first ask whether the jury instruction adequately stated Seventh Circuit law; if the answer is no, we then determine if the error prejudiced one of the parties because the jury was likely confused or misled. *Gile v.*

*United Airlines, Inc.*, 213 F.3d 365, 374–75 (7th Cir.2000); *Miller v. Neathery*, 52 F.3d 634, 637–38 (7th Cir.1995). We need not reach the question of prejudice in this case, however, because the given jury instruction adequately stated the law in this circuit.

The jury instruction correctly stated the holdings of both the Supreme Court and this court that deliberate indifference is the knowledge of and conscious disregard for a substantial risk of serious harm to a prisoner. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir.1999). Negligence on the part of a prison official does not violate the Constitution. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir.1996). It is not enough that the official or a reasonable person "should have known" of a risk to an inmate. *Id.* Instead, deliberate indifference is the equivalent of criminal recklessness and requires actual knowledge by an official of a substantial risk of serious harm. *Farmer*, 511 U.S. at 837–38. Put another way, a prison official's action or inaction is deliberately indifferent when he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he also draws the inference of a substantial risk. *Id.* at 837; *Haley*, 86 F.3d at 641. An official's knowledge of a substantial risk of serious harm may also be inferred from the obviousness of the risk. *Haley*, 86 F.3d at 641.

Mr. Sowewimo argues that the instruction failed to make clear that deliberate indifference may be proven by actual knowledge of a risk and failure to act reasonably thereafter, and that the instruction "buried" this method of proof by equating knowledge with intent. The given instruction, however, provides a more lenient standard than Mr. Sowewimo sought: it allows for liability not based

solely on "actual knowledge of a risk," but also upon a risk that "would be apparent to a reasonable person." Although Mr. Sowewimo is correct that intent need not be proven to show deliberate indifference, *see id.,* the instruction stated that either "actual intent" or "reckless disregard" would support liability. Therefore, the instruction was a correct statement of the law. *See id.* Consequently, we need not address the question of whether Mr. Sowewimo suffered prejudice. *See Gile,* 213 F.3d at 374–75.

As for the court's response to the jury's question, it is within the trial court's discretion whether to provide supplemental instructions to a deliberating jury. *United States v. Span,* 170 F.3d 798, 802 (7th Cir.1999); *United States v. Mealy,* 851 F.2d 890, 901–902 (7th Cir.1988) (collecting cases). If the original instruction "clearly and correctly states the applicable law, the judge may properly answer the jury's question by instructing the jury to reread the instruction." *Mealy,* 851 F.2d at 902. Since the original instructions correctly stated the applicable law, we cannot hold that it was an abuse of discretion to refer the jury back to them. *See id.* Although, as Mr. Sowewimo suggests, there may have been alternative or more direct responses, we cannot say that the court's answer was an abuse of discretion.

Therefore, because the jury instruction adequately stated the law in this circuit, *see Haley,* 86 F.3d at 641, and because the court did not abuse its discretion in responding to the jury, *see Span,* 170 F.3d at 801–02, the court did not err in denying Mr. Sowewimo a new trial on these grounds.

AFFIRMED.